UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GERARD NUOVO,**

    **Plaintiff,**

    v.

**CAROLINE WHITACRE, et al.,**

    **Defendants.**

Case No. 2:10-cv-240
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This case is before the Court for consideration of the following filings:

(1) a motion to dismiss without prejudice filed by Plaintiff, Dr. Gerard Nuovo (Doc. # 54);

(2) memoranda in opposition filed by Defendants OSU Pathology Services, LLC and Ohio State University Physicians, Inc. (Doc. # 56) and Defendants The Ohio State University, Caroline Whitacre, Wiley William Souba, Jennifer Moseley, and Todd Guttman (Doc. # 57); and

(3) reply memoranda filed by Plaintiff (Docs. # 65, 67).

For the following reasons, the Court finds Plaintiff's motion well taken.

### I.  Background

Plaintiff, Dr. Gerard Nuovo, is physician, cancer researcher, and professor of pathology employed at The Ohio State University.  In April 2009, Plaintiff filed Case No., 2:09-cv-312, an action against many of the same defendants named in the instant case and predicated on the same basic allegations and claims.  Rather than pursuing amendment of the complaint in that related

1

case, Plaintiff filed the case *sub judice* in March 2010. (Doc. # 2.) The complaint in this second case appears to assert claims for retaliation under 31 U.S.C. § 3720(h), for retaliation under 42 U.S.C. §§ 1983, 1985, and 2000-5(e)(3)(A), for violation of the Equal Protection Clause of the Fourteenth Amendment under § 1983, and for violation of the 2009 Fair Pay Protection Act. (Doc. # 2 ¶¶ 144-68.) On the same day on which Plaintiff filed this action, Plaintiff also filed a motion for a temporary restraining order and a preliminary injunction. (Doc. # 4.) The Court held a hearing on the motion on March 30 and April 2, 2010, followed by a period of post-hearing briefing. In a June 3, 2010 Opinion and Order, the Court denied the motion for injunctive relief. (Doc. # 41.)

Currently, those defendants remaining in this action seek dismissal under Federal Rule of Civil Procedure 12. (Docs. # 35, 52.) After Defendants filed their respective motions to dismiss, Plaintiff filed a motion to voluntarily dismiss this action without prejudice under Federal Rule of Civil Procedure 41(a)(2). (Doc. # 54.) The parties have completed briefing on Plaintiff's motion, which is ripe for disposition.

## II. Discussion

### A. Standard Involved

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The rule also provides that "[u]nless the order states otherwise, a dismissal under this paragraph . . . is without prejudice." Fed. R. Civ. P. 41(a)(2).

A court therefore has discretion to impose conditions upon a voluntary dismissal without

2

prejudice. *Duffy v. Ford Motor Co.*, 218 F.3d 623, 629 (6th Cir. 2000). If a court decides to impose conditions on the dismissal, notice to the moving party of the court's intent to do so is required. A plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) "'must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion' but with additional terms." *August Storck KG v. Nabisco, Inc.*, No. 95 C 1446, 1996 WL 634116, at *5 (N.D. Ill. Oct. 30, 1996) (quoting *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994)); *see also Duffy*, 218 F.3d at 634 (holding that the district court abused its discretion by not giving plaintiffs notice and opportunity to withdraw motion before imposing conditions on dismissal); *U.S. v. One Tract of Real Prop.*, 95 F.3d 422, 425-26 (6th Cir. 1996) (holding that the district court abused its discretion when the court did not give plaintiff an opportunity to withdraw the motion before the court dismissed with prejudice, rather than without prejudice). *But see Broad. Music, Inc. v. Samuel Abdalla*, No. C-2-81-847, 1984 WL 2130, at *1 (S.D. Ohio June 27, 1984) (stating that a conditional dismissal should not be contingent upon the acceptance by plaintiff of certain terms and conditions).

### B. Analysis

In their memoranda in opposition, Defendants ask this Court to decide their motions to dismiss instead of permitting Plaintiff to dismiss his case. If the Court permits dismissal, however, Defendants alternatively ask that the dismissal be with prejudice. Finally, in the absence of imposing a dismissal with prejudice, Defendants ask that the Court impose select conditions on a without prejudice dismissal, such as awarding Defendants their attorneys' fees and costs.

Whether the Court should permit Plaintiff to dismiss his case without prejudice involves

determining whether a "without prejudice" dismissal would cause Defendants to suffer plain legal prejudice. *Perkins v. MBNA Am.*, 43 F. App'x 901, 902 (6th Cir. 2002); *Jones v. Lemke*, 178 F.3d 1294, 1999 WL 107984, at *2 (6th Cir. 1999) (unpublished table decision); *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). In order to determine whether Defendants will suffer plain legal prejudice, the Court should consider four factors: (1) Defendants' effort and expense of preparation of trial; (2) excessive delay and lack of diligence on the part of Plaintiff in prosecuting the action; (3) the sufficiency of Plaintiff's explanation for the need of the dismissal; and (4) whether Defendants have filed motions for summary judgment. *Maldonado v. Thomas M. Cooley Law Sch.*, 65 F. App'x 955, 956 (6th Cir. 2003) (citing *Grover*, 33 F.3d at 718). This Court does not need to resolve every factor in Plaintiff's favor to conclude that dismissal without prejudice is warranted. *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). The factors are more of a guide and discretion ultimately rests with the Court. *Id.*

With regard to the factors, the Court recognizes that Defendants have naturally invested time and effort in litigating this action, some of it considerable. Defendants' argument that dismissal on Plaintiff's terms would be prejudicial because of the time, effort, and expenses they have invested therefore weighs against a dismissal without prejudice. This does not prove dispositive, however, given that courts have held that such expenditures may prove insufficient to defeat a plaintiff's motion. *See B & J Mfg. Co. v. D.A. Frost Indus., Inc.*, 106 F.R.D. 351, 353 (" '[T]he advanced state of the litigation and the legal and other expenses incurred . . . do not mandate a denial of plaintiff's motion . . . .' " (quoting *Louis v. Bache Group, Inc.*, 92 F.R.D. 459, 461 (S.D.N.Y. 1981))). Rather, although the Court is cognizant of Defendants' interests, the Court is also concerned with whether potential legal harm to Defendants exists. *See*

*LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) ("When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected.  Nevertheless, in most cases a dismissal should be granted unless the defendant will suffer some legal harm" (citation omitted)).

The second factor weighs in Plaintiff's favor, if it in fact favors either side.  Certainly, Plaintiff could have sought dismissal earlier than he did, and Plaintiff has often requested additional time in these proceedings.  But to characterize the manner in which Plaintiff has pursued this litigation as evincing excessive delay and a lack of diligence on the part of Plaintiff in prosecuting the action would go too far.  Not all delay is excessive, and not all litigation choices are the result of a lack of diligence.

Plaintiff's explanation of the need for the dismissal, the third factor in today's inquiry, weighs slightly in his favor.  Plaintiff purports to seek dismissal in order to proceed with discovery in Case No. 2:09-cv-312, in which this Court has stayed discovery pending disposition of the motions to dismiss in this second litigation.  (Doc. # 93 in 2:09-cv-312.)  Plaintiff reasons that such additional discovery is needed to prevail on his claims given that the injunctive relief proceedings failed to produce the outcome he sought.  Defendants in turn argue–particularly OSU Pathology Services, LLC and Ohio State University Physicians, Inc. in their hyperbolic memorandum in opposition–that Plaintiff is simply engaged in strategic gamesmanship, while Plaintiff argues that Defendants are similarly engaged in an effort to avoid discovery.  Accepting Plaintiff's rationale does not equate with crediting his accusation.  Rather, the Court acknowledges that Plaintiff has set forth a reasonable rationale for dismissal based on the circumstances that he perceives exist.  *See Bridgeport Music, Inc. v. Universal-MCA Music*

*Publ'g, Inc.*, 583 F.3d 948, 955 (6th Cir. 2009) (affirming dismissal without prejudice in part because "plaintiffs' cost-benefit analysis provided a reasonable explanation for seeking dismissal"). The Court also notes that Plaintiff has apparently revisited some of the assumptions he initially bore regarding whether he can proceed on select claims at this time. Such strategic consideration of the effect a dismissal would have and the related reconsideration of whether pursuing some perhaps premature claims support dismissal without prejudice.

Also weighing in Plaintiff's favor is the fourth factor. This litigation is still notably in its infancy. The case is just over six months old, and even less when Plaintiff first asked for dismissal. Defendants have not conducted much discovery and have not filed summary judgment motions. They have filed motion to dismiss and have participated in injunctive relief proceedings. This posture contrasts with cases evincing consequent plain legal prejudice, such as in *Maldonado*, 65 F. App'x 955. In that case, the Sixth Circuit held that the district court did not abuse its discretion in denying a plaintiff's motion for voluntary dismissal because discovery was closed, the plaintiff waited until after defendants moved for judgment on the pleadings to file his Rule 41(a)(2) motion, and plaintiff's explanation of his need for the dismissal was convoluted. *Id.* at 957. Furthermore, the plaintiff acted in bad faith during the discovery process. *Id.* In applying the four factors, the district court found that granting plaintiff's voluntary dismissal was not warranted. Unlike the plaintiff in *Moldonado*, Plaintiff has apparently acted in good faith (if arguably with less than optimum strategy at times) in pursuing his claims against Defendants, discovery was not closed at the time he moved for dismissal, and Defendants have not filed summary judgment motions.

The Court also recognizes that dismissal without prejudice might in fact harm both side's

ability to obtain testimony given that witnesses often become more difficult to locate and memories fade with the passage of time.  Another court has addressed this point, explaining:

> The defendant is not the only party who may suffer the consequences of the passage of time.  The memories of witnesses for both sides may fade and the witnesses for both sides might become unavailable. . . .  As both parties could suffer due to the passage of time, the Court finds that the defendant's argument against dismissing the action is not determinative.

*Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 357 (E.D.N.Y. 2002).  This same rationale applies here.

The fact that Plaintiff could and likely will refile this case does not constitute sufficient prejudice.  Courts have consistently held that "plain legal prejudice" does not result merely from the prospect of a second lawsuit on identical issues.  *Lones v. S. Cent. Power Co.*, No. Civ. A. 204CV883, 2005 WL 1309088, at *1 (S.D. Ohio May 31, 2005);  *B & J Mfg.*, 106 F.R.D. at 352; *See Grover*, 33 F.3d at 718; *Puerto Rico Mar. Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981); *Tyco*, 627 F.2d at 56; *Broad. Music, Inc.*, 1984 WL 2130, at *1.

Accordingly, this Court concludes that it should grant Plaintiff's motion to dismiss without prejudice.  The extant question then becomes whether this dismissal without prejudice warrants the payment of attorneys' fees and costs that Defendants alternatively request.

A court can impose such defense costs when it grants a voluntary dismissal without prejudice.  *See, e.g.*, *Massey v. City of Ferndale*, 117 F.3d 1420, 1997 WL 330652, at *3 (6th Cir. 1997) (unpublished table decision); *August Storck KG*, 1996 WL 634116, at *5.  Imposing costs as a condition to voluntary dismissal is in fact "usually considered necessary for the protection of the defendant."  *Puerto Rico Mar. Shipping Auth.*, 668 F.2d at 51.  However, defense costs are not required as a matter of law and "no circuit court has held that such costs are

7

mandatory." *DWG Corp. v. Granada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992) (citing *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)).

There is no indication here that Plaintiff's suit was not a *bona fide* effort to seek redress for the alleged wrongs he perceived he suffered and continues to suffer. *See Blackburn v. City of Columbus, Ohio*, 60 F.R.D. 197, 198 (S.D. Ohio 1973) (holding that because plaintiff acted in good faith, attorneys' fees would not be awarded). Contrary to Defendants' contentions, this Court cannot say that Plaintiff brought this action to harass, embarrass, or abuse either Defendants or the civil process. There is no doubt in this Court's mind that Plaintiff thinks he has been wronged and that he thinks he is entitled to relief in federal court. Nor is there evidence in the record suggesting that Plaintiff deliberately sought to increase Defendants' costs by extending the litigation. Plaintiff has explained some of his strategic choices, and while some individuals may not fully understand or agree with them, the Court cannot conclude that they warrant the conditions Defendants seek.

Finding such good faith does not end the analysis. Rather, courts have also looked to multiple factors in determining whether attorneys' fees are appropriate, including whether extensive discovery costs were involved, whether the procedural history of the case required substantial time and expense, and whether extraordinary expenses were incurred in defending the action. *See, e.g.*, *August Stork KG,* 1996 WL 634116, at *5 (awarding attorneys' fees because of the extraordinary costs of discovery). Factors in support of not awarding fees include whether a plaintiff acted in good faith in bringing the suit, *Blackburn*, 60 F.R.D. at 198, and whether the costs were wasted. *See, e.g.*, *Bentz v. Reed Elsevier, Inc.*, No. C-3-00-350, 2000 WL 33244507, at *3 (S.D. Ohio Dec. 5, 2000) (attorneys' fees not required because there were no wasted costs).

The recent vintage and current procedural posture of this litigation weigh against dismissal with the conditions Defendants request. Because Defendants could use the evidence obtained during this short-lived case in any subsequent action (as well as in Case No. 2:09-cv-312), the costs were not necessarily wasted. *See Spar Gas, Inc. v. AP Propane, Inc.*, 972 F.2d 348, 1992 WL 172129, at *2 (6th Cir. 1992) (unpublished table decision) (crediting rule that "when a district court conditions voluntary dismissal without prejudice upon payment of a defendant's fees, the court should award only those fees representing legal work that could not be used in subsequent litigation on the same claims"). Additionally, Defendants can easily refile their motions to dismiss if Plaintiff refiles this case, adjusting the motions as necessary to address any pleading changes Plaintiff may make. The Court should award attorneys' fees and costs only if necessary to protect Defendants, not to punish Plaintiff, and any condition imposed should simply alleviate the harm that Defendants will suffer as a result of a dismissal without prejudice. *See id.* Because this litigation could resume where it has left off, the Court cannot conclude that the costs Defendants have incurred were necessarily wasted. The legal work performed would likely be useful in any subsequent litigation on the same claims.

Have weighed the foregoing, the Court concludes that the American Rule on attorneys' fees, which "refuses to economically penalize in this fashion the litigant who in good faith files a lawsuit," justifiably applies to the case at bar. *Id.* Accordingly, the Court concludes that imposing an award of attorneys' fees and costs is not warranted here.

### III. Conclusion

The Court **GRANTS** Plaintiff's motion and **DISMISSES** his case **WITHOUT PREJUDICE**. (Doc. # 54.) The Court **DENIES** Defendants' alternative requests for a

9

dismissal with prejudice or a dismissal without prejudice conditioned on the immediate or stayed payment of attorneys' fees and costs.

Pursuant to S. D. Ohio Civ. R. 41.1, any future action or actions brought by Plaintiff against any of the defendants that alleges a claim or claims predicated upon or involving to any degree the same events giving rise to the instant litigation and filed in the United States District Court for the Southern District of Ohio shall be assigned or transferred to the undersigned judge. Counsel or any party proceeding without representation are responsible for bringing to the attention of the Court any relationship between a subsequent new case and this dismissed action.

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE